(October 13, 2010)

■ In the Matter of Rus Thompson, Respondent, v Steven Cohn, Appellant, et al., Respondent. [909 NYS2d 162]—

Per Curiam. Appeal from a judgment of the Supreme Court (Devine, J.), entered September 29, 2010 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the independent nominating petition naming respondent Steven Cohn as the Tea Party candidate for the public office of Governor of the State of New York in the November 2, 2010 general election.

Respondent Steven Cohn filed an independent nominating petition naming him as the Tea Party candidate for the office of Governor of the State of New York in the November 2, 2010 general election. Petitioner thereafter filed written objections and specifications with respondent New York State Board of Elections challenging the nominating petition. The Board found that the objections raised by petitioner were beyond its jurisdiction and validated the nominating petition. Petitioner thereafter commenced this proceeding seeking to invalidate Cohn's nominating petition on the ground that, as relevant here, the petition did not contain the name of a candidate for Lieutenant Governor of the State of New York. Supreme Court granted the petition and invalidated Cohn's nominating petition, and Cohn now appeals.

We affirm. Pursuant to NY Constitution, article IV, § 1, the Governor and Lieutenant Governor "shall be chosen jointly" every fourth year, "by the casting by each voter of a single vote applicable to both offices." Further, the "persons having the highest number of votes *cast jointly* for them for governor and lieutenant-governor respectively shall be elected" (NY Const, art IV, § 1 [emphasis added]). We cannot agree with Cohn's contention that a plain reading of this provision contemplates anything other than candidates for Governor and Lieutenant Governor running and being elected on the same ticket. As recently stated by the Court of Appeals, the constitutional

amendment that required the Governor and Lieutenant Governor to be elected together by a single ballot "definitively eliminated any residual possibility that the executive branch would be split between members of opposing parties" (*Skelos v Paterson*, 13 NY3d 141, 151 [2009]). Indeed, the rationale behind such joint-ticket election of the state's two highest offices was to, among other things, ensure the Governor's ability to " 'entrust many of the complex administrative tasks of the Governor to an able Lieutenant Governor' " (*Skelos v Paterson*, 13 NY3d at 152 n 3, quoting Message of the Governor In Relation to Proposed Constitutional Amendment For Joint Election of Governor and Lieutenant Governor, Feb. 9, 1953 [1953 NY Legis Doc No. 36, at 3]). Inasmuch as Cohn's independent nominating petition failed to nominate a candidate for Lieutenant Governor who could be elected "jointly" with Cohn, we find that Supreme Court properly invalidated it.

We have examined Cohn's remaining contentions, including that Supreme Court lacks subject matter jurisdiction, and have found them unpersuasive.

Mercure, J.P., Spain, Rose, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.